WAGNER and another *v.* ROMERO, Sheriff, etc.

Filed February, 1884.

1. ATTACHMENT—JUDGMENT—AMENDMENT.
An order in an attachment suit that the property shall be "forthwith delivered to the sheriff of S. county" sufficiently designates both the time and place of delivery, and a defendant, in an action on the forthcoming bond, is not prejudiced by an irregular amendment of the record making the order more specific in that respect.

2. SAME—DEFECTIVE WRIT—WAIVER—APPEARANCE.
Appearance and judgment waive objection to the writ as being issued by the clerk of the probate court, rather than by the clerk of the district court, and it is too late to raise the question in an action on the forthcoming bond.

3. EVIDENCE—LOST INSTRUMENT—FORTHCOMING BOND.
Where the forthcoming bond sued on was properly filed in the clerk's office of the lower court, and a copy of it was preserved among the papers of the plaintiff, but at the trial the original could not be found, after diligent search, the copy was properly admitted in evidence.

4. PARTIES—CONTRACT FOR BENEFIT OF ANOTHER.
Under the practice act of 1880, § 2, providing that a party in whose name a contract is made for the benefit of another may sue on it in his own name, the sheriff is the proper party plaintiff, in an action on a forthcoming bond.

5. SAME—JOINT AND SEVERAL CONTRACTS.
Under Act 1878, c. 4, § 56, (Prince, St. p. 122,) providing that "all contracts which by common law are joint only shall be held and construed to be joint and several," an action may be maintained against the sureties on a forthcoming bond, without joining the principal, or showing that judgment has been obtained and the remedy exhausted against him.

Appeal from First judicial district, San Miguel county.

*D. P. Shield* and *T. F. Conway,* for appellants.

*Breeden & Waldo,* for appellees.

BELL, J. This is an appeal from a judgment against the appellants here, and defendants in the court below, in an action brought against them on a forthcoming bond, given to the plaintiff as sheriff of San Miguel county, in an action commenced by attachment in the district court of that county. Various questions were raised upon the trial in the court below, but we shall only consider here such questions as have been urged by counsel for the appellants in his brief, which has been submitted to the court.

The first error assigned is that there was no order made at the time when the cause was tried, as to when and where the property mentioned in the said bond should be delivered. It appears from the evidence of William Breeden (page 45 of record) that one or two days after the trial and judgment herein he discovered that following the entry of judgment the proper order in his opinion designating the place for the return of the property did not appear on the official record of the court; that he then called the attention of the court to the fact, and asked to have the record in that respect amended,

and that the court granted the request; and that then and there, in the presence of the court, the following words were added to the record: "And that said property be delivered at Las Vegas, New Mexico, at the court-house of San Miguel county." That portion of the record material to the question raised was before amendment as follows: "It is further considered that the property attached in this cause be forthwith delivered to the sheriff of San Miguel county, and that the same be sold, and the proceeds of said sale be applied to the satisfaction of this judgment." Following these words were the words quoted above, and added by the way of amendment.

The statute providing for the giving of a forthcoming bond is section 13 of that portion of the Kearney Code relating to attachments and garnishments, and is as follows:

"When property of the defendant found in his possession or in the hands of any other person shall be attached, the defendant, or such other person, may retain possession thereof, by giving bond and security to the satisfaction of the officer executing the writ—to the officer or his successor—in double the value of the property attached, conditioned that the same shall be forthcoming when and where the court shall direct, and shall abide the judgment of the court." Prince, Comp. 138.

We are of opinion that the judgment in the case at bar and the order of the court, before the amendment complained of, sufficiently complied with the provisions of the statute quoted. The order of the court was that the property attached in this cause be forthwith delivered to the sheriff of San Miguel county, and that the same be sold, and the proceeds of said sale be applied to the satisfaction of the judgment. This order was sufficiently definite; the time when the delivery was to be made was "forthwith," and the "place where" was to the sheriff of San Miguel county. The sheriff of San Miguel county is a public officer, with an official residence within the county, and when an order is entered directing property to be returned to the sheriff of San Miguel county it must be held to mean that the property shall be returned to the sheriff at the official residence of that sheriff within said county. And even if this were not so, we are of opinion that the amendment of the order, in the respect complained of, made in the presence and by the authority of the court, at the same term of the court at which the judgment was rendered, was proper, and the only criticism to be made upon it is that, in our judgment, it would have been more regular to have had it appear upon the record that the amendment was made at a subsequent date, and upon motion of counsel. This, we think, would have been more regular and better practice. The defendants were in no way prejudiced by the amendment, and there is therefore no reason for disturbing the judgment on that account.

It is next urged that the writ of attachment issued in the original action, in which the forthcoming bond was given, upon which this suit was brought, was void, for the reason that the writ was issued by the clerk of the probate court, and not by the clerk of the district

court. That question cannot be considered here. The defendants appeared in the action, made no objection to the writ, and judgment was obtained against them. It is too late now to question the character of the writ, though, in our judgment, it might well have been questioned in the original action.

The next alleged error is that the forthcoming bond was not sufficiently proved upon the trial in the court below. From the record it appears, by the evidence of the clerk of the court, and of William Breeden, one of the attorneys in the case, that the original bond was properly filed in the clerk's office of the lower court; that a copy of it, examined by the clerk and Col. Breeden, was preserved among the papers of the plaintiff; and that when the case was called for trial the original bond could not be found, though the clerk made diligent search for it in his office where it had been deposited. This evidence of the loss of the original bond, and evidence tending to show that the copy of the instrument produced in court was a correct copy, was, in our opinion, sufficient to warrant the admission of the copy in evidence at the trial. It is urged that the copy of the bond introduced is not a copy of such a bond as is required by the statute, or such as the sheriff was authorized by the statute to take. Section 13 of the Kearney Code, already cited, is cited by the counsel in support of this position; but an examination of the bond, as it appears in the record, shows that its condition was in strict compliance with the requirements of this statute.

Two other questions were raised in the court below, which, though not urged by counsel in the brief submitted, we think worthy of consideration. One is that the action was not in the name of the proper plaintiff. As it already appears, the action was brought in the name of the sheriff for the use and benefit of the real parties in interest. This course, we think, is fully authorized by section 2 of the practice act of 1880, which provides as follows:

"An executor or administrator, a guardian, a trustee of an express trust, a party with whom or in whose name a contract is made for the benefit of another, or party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the suit is prosecuted."

The sheriff in this case was clearly the proper party plaintiff, as the contract was made with him "for the benefit of another."

It was also urged in the court below that the action could not be maintained against the sureties on the bond without joining the principal, or without showing that judgment had been obtained against the principal, and the plaintiff had exhausted his remedy against him. This point, in our judgment, was not well taken. By section 56 of the act of 1878, *c.* 4, (Prince, Comp. 122,) it is provided:

"All contracts which by the common law are joint only shall be held and construed to be joint and several; and in all cases of joint obligations or assumptions by partners and others, suit may be brought and prosecuted against any one or more of the parties liable thereon; and when more than one person is joined as defendant in any such suit, such suit may be prosecuted and judgment rendered against any one or more of such defendants."

The instrument sued upon in the case at bar  was a writing oblig-atory, and, by its terms, would appear to be joint only; but, by the authority of this statute, it must be considered to be joint and sev-eral, and it follows that the plaintiff herein had a right to bring his action against any one or more of the parties to the obligation.

We find no error in the record as presented,. and the judgment be-low must be affirmed.

AXTELL, C. J.    I concur.